# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

Eastern Division

RECEIVED
AUG 11 2017 nb
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Frank L. Simmons

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Illinois Bell Telephone Company a/k/a, AT&T
Randy Renschen
See Attached

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case: 17-cv-05899
Judge Rebecca R. Pallmeyer
Magistrate Judge Young B. Kim

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Frank L. Simmons |
   | Street Address | 74 W. 15th Street |
   | City and County | Chicago Heights |
   | State and Zip Code | Illinois 60411 |
   | Telephone Number | 312 919-9320 |
   | E-mail Address | frank.3332@hotmail.com |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Illinois Bell Telephone Company a/k/a, AT&T |
| Job or Title *(if known)* | Corporation |
| Street Address | 225 W. Randolph Street |
| City and County | Chicago - Cook |
| State and Zip Code | Illinois 60602 |
| Telephone Number | 800 257-0902 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Randy Renschen |
| Job or Title *(if known)* | AT&T Construction and Design Engineering Area Manager |
| Street Address | 225 W. Randolph Street |
| City and County | Chicago - Cook |
| State and Zip Code | Illinois 60602 |
| Telephone Number | 800 257-0902 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Ann Barton |
| Job or Title *(if known)* | AT&T Court Order Unit |
| Street Address | 909 Chestnut |
| City and County | St. Louis |
| State and Zip Code | MO. 63101 |
| Telephone Number | 888 722-1787 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Cook County Board of Illinois |
| Job or Title *(if known)* | County Government |
| Street Address | 118 N. Clark Street |
| City and County | Chicago - Cook |
| State and Zip Code | Illinois 60602 |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

|  |  |
|---|---|
| Telephone Number | 312 443-5500 |
| E-mail Address *(if known)* |  |

**C. Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

|  |  |
|---|---|
| Name | Illinois Bell Telephone Company a/k/a AT&T |
| Street Address | 225 W. Randolph Street |
| City and County | Chicago - Cook |
| State and Zip Code | Illinois 60602 |
| Telephone Number | 312 727-9411 |

**II. Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:
Equal Pay Act (EPA); Fair Labor Standards Act (FLSA); Consumer Credit Protection Act (CCPA)

☐ Relevant state law *(specify, if known)*:
Wage Payment and Collection Act: 820 ILCS 115/1-16 and Section 9

☐ Relevant city or county law *(specify, if known)*:

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☒ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*:

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

June

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race — African American
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

At AT&T the Plaintiff was consistently saddled with workloads 3 to 4 times greater than his Caucasian co-workers which he consistently met and exceeded AT&T expectations, generating the company millions of dollars in additional revenue. He was the top performing Engineer in the county year after year, yet his well deserved vacation time was docked and he was denied raises and promotions within the Company. Randy Renschen, his area manager, put him on a performance plan and demanded that he design engineer 8-major projects per month (see Performance Plan). His Caucasian co-workers where not required to engineer as many major projects. Randy took away the easier projects within the Plaintiff's wire-centers of responsibility and gave them to Caucasian engineers to assume credit to make quotas.

Randy Renschen consistently resolved the payroll problems for Caucasian subordinates within 48-hours or less; yet provided no assistance to the Plaintiff when he experienced payroll problems.

Payroll Problems:

The Honorable Cook County Circuit Court Judge Mary Trew, on January 29, 2016, granted Plaintiff's (Frank Simmons') March 2015 'Petition for Reduction of Child Support'. Judge Trew's court order, reducing Mr. Simmons' unlawful monthly child support obligation from $2018.00 per month to $111.73 bi-weekly or $223.46 per month, was submitted to AT&T in February 2016. Mr. Simmons requested a call-back from AT&T's Court Order Unit (ACOU) once they received Judge Trew's officially stamped court order. An anonymous ACOU Representative called to inform the Plaintiff that the reduction could not be enforced; because, the order mentions only he and his former spouse, Cook County Circuit Court Judge Michele M. Pitman. The Representative stated that an official Illinois Wage Deduction Order (IWO) from the courts, instructing AT&T to make the proper deductions was only required and that Judge Trew's court order was unimportant and meant nothing for the reasons given.

As a result, Mr. Simmons re-petitioned the courts in February 2016 for an IWO; which, was granted and officially stamped by Judge Trew in March 2016. Both orders, the IWO Order and original court order were submitted together to AT&T's Court Order Unit in these attachments.

In April 2016, for the payroll period of 03/16/2016 to 03/31/2016, Frank Simmons contacted AT&T's Court Order Unit to notify them that $517.43 was an incorrect amount to deduct from his by-weekly payroll and it should have been just $111.73. The anonymous ACOU Representative who almost exclusively handled the Claimant's child-support court orders, called to informed him that the Company had received IWO Child-Support Order with a matching court order from his former spouse (Michele M. Pitman) requesting that that amount be withheld and there was nothing that could be done about it. Over the past 7 years, this ACOU Rep would make various child-support deductions from his payroll making the same claim, but would never provide Mr. Simmons with an electronic copy of the court orders. This amount would increase in varying amounts to as high as $1,028.68 bi-weekly in July 2016. However, in July 2016, due to the Claimant's persistence this ACOU Rep sent the Mr. Simmons a number of electronic emails containing a typewritten IWO with his ex-wife's signature having no official court stamp nor the court's presiding judge's stamp and/or signature. Again, she continued to emphasis via phone calls and messages that the Company had a court order which supported the IWO; however she would never furnish the Claimant copy (see 'Wage Garnishment Notices: Log # 359820 and Log # 529462641).

Also in June, the Claimant also noticed that his approved regular and overtime hours worked had been removed from his payroll and that this had occurred as early as February 2016 for the pay period of 01/16/2016 to 01/31/2016. In order words, the Claimant was not being paid properly for hours worked and taxed for monies never received. At this time, the plaintiff notified his immediate supervisor, Randy Renschen of his payroll problems, as per 'AT&T's Code of Conduct', who in turn did nothing (see attached email correspondence). Mr. Renschen response was "As long as your regular hours are not being taken you should not have a problem." In addition, in July 2016 for the pay period of 06/16/2016 to 06/30/2016 the wage deduction increased then again to $1,028.68 bi-weekly, reducing his take-home pay to just $527.50 for the pay period of 07/01/2016 to 07/15/2016.

On or about July 20, 2016, the Claimant contacted AT&T Payroll, whom informed Randy Renschen and the Claimant, in a phone call, that an unauthorized AT&T Employee was accessing the Claimant's personal payroll account. That this unauthorized employee was removing the approved regular and overtime hours worked which only an A&T Payroll Manager above his level had the authorization to do. He also advised Mr. Renschen, as the managing supervisor, to report the matter to AT&T's Asset

Protection if he had no know of the person making the changes. Again, Mr. Renschen continued to be unresponsive.

However, on or about July 22, 2016, while the Claimant was attempting to re-input his regular and overtime hours worked for that week, Frank Simmons received a message over his corporate laptop that his payroll account was in-use by another. The message also gave the intruder's Corporate User ID; which Mr. Simmons screen-printed and then emailed to the intruder, questioning the removal of his regular and overtime hours worked from his payroll account. The intruder responded requesting that he direct his concerns to AT&T Payroll signing-off 'Sincerely Ann Barton, AT&T Court Order Unit'. Mr. Simmons immediately responding back via email requesting a copy of the alleged child support court order and questioning why she was deducting hours from his payroll account? Ann Barton then when into hiding! Mr. Simmons received no response back, which prompt him to call the HR-Help Desk for a Court Order Representative call-back. Another ACOU Rep called him and provided him a copy of the court order which Ms. Barton refused to provide with a copy of the IWO previously received from Ms. Barton.

The Court Order appeared to be fraudulent. The Order had a Clerk of the Circuit Court's filing date stamp of July 28, 2016, written in Michele Pitman's handwriting with a June 17, 2016 date stamp from Judge Trew's desk. Moreover, these orders clearly did not exist when Ann Barton was making payroll deductions as early as March 2016 form the Plaintiff's payroll. The Plaintiff filed a motion in Circuit Court to determine the validity of the orders, which was never scheduled to be heard.

The attached EEOC 'Discrimination Right to Sue' Letter is the first of two EEOC letters. The second EEOC Letter 'Retaliation' and 'Wrongfully Termination' has not been received. In addition; the Illinois Department of Labor (IDOL) is continuing their investigation into this matter; which AT&T has yet to respond. The 2015 Revisions in the Illinois Marriage Act, now law has guidelines and a formula which must be adhered to and are applicable in all post and future Divorce Decrees. Determining the validity of said court orders will also determine the direction the Plaintiff must take in pending and future litigations. If orders are not valid, then 'Retaliation' and 'Wrongfully Termination' was an act in 'Furtherance' of a Civil Conspiracy. If the orders are valid then the Circuit Courts have committed another act of 'Furtherance' as both are cited in the Plaintiff's 2015 motion request for a 'Special Prosecutor' still before the Cook County Criminal Courts; since, by law the Plaintiff is owed remedy denied for marital assets, pension, alimony, back payments, and overpayments. If the orders are not valid then AT&T. Therefore, the Plaintiff ask this Court, that whatever remedies and/or decisions resulting in the outcome of these proceedings be made without prejudice considering pending and future court proceeding involving the litigants.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

September 9, 2016

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* May 16, 2017 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The plaintiff has not received back-pay by the defendant and was fired by the defendant. AT&T denied the plaintiff unemployment benfits. The plaintiff is homeless and has loss all personal belongings, vehicle, good-standing credit rating. This has significantly tramatized the plaintiff financially to the extent of being physically and mentally fearful and insecure working for an employer.

The plaintiff seeks $500,000.00 in actual home damages; $550,000.00 for future legal fees; $250,000.00 in medical and dental fees; back-pay;

$9,700,000.00 Punitive damages

Direct the defendant to re-employ the plaintiff

Direct the defendant to promote the plaintiff

Direct the defendant to furnish an written explanations as to the various payroll wage deductions made by the

AT&T Court Order Unit and/or of Ann Barton for the pay periods of 12/06/2015 thru 07/21/2016 and what entity(s) received these wage deductions.

Direct the defendant to re-establish living residents comproable to that which was lost.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**A.** **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/11/17

Signature of Plaintiff: *[signed]*
Printed Name of Plaintiff: Frank L. Simmons

**B.** **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

## Defendants

**Illinois Bell Telephone Company a/k/a AT&T**

**Randy Renschen**

**Ann Barton**

**Cook County Board of Illinois**

**Michele M. Pitman**

## Defendant #5

Michele M. Pitman
Associate Cook County Circuit Court Judge
20045 Mohawk Trail
Olympia Fields – Cook
Illinois, 60461

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Frank L. Simmons<br>74 W 15th Street, #3<br>Chicago Heights, IL 60411 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2016-02145 | Daniel Lim,<br>State & Local Coordinator | (312) 869-8082 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman (ml)*        May 16, 2017

Julianne Bowman,
District Director        (Date Mailed)

Enclosures(s)

cc: Tomika Woods
AT&T
311 S. Akard St., Floor 7
Dallas, TX 75202

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#17W0907.09 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2017CF0470 |
|---|---|---|

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Mr. Frank L. Simmons | TELEPHONE NUMBER (include area code)<br>(312) 919-9320 | |
|---|---|---|
| STREET ADDRESS<br>2520 W. Haddon Street | CITY, STATE AND ZIP CODE<br>Chicago, IL 60622 | DATE OF BIRTH<br>M D YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>Illinois Bell Telephone Company, a/k/a, AT&T | NUMBER OF EMPLOYEES, MEMBERS<br>15+ | TELEPHONE NUMBER (include area code)<br>(800) 257-0902 | |
|---|---|---|---|
| STREET ADDRESS<br>225 W. Randolph Street | CITY, STATE AND ZIP CODE<br>Chicago, IL 60602 | | COUNTY<br>Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br>Race | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>06/2016 09/2016<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.     A.     **ISSUE/BASIS**

            UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT – JUNE 2016, BECAUSE OF MY RACE, BLACK

    B.     **PRIMA FACIE ALLEGATIONS**

         1.     My race is black.

         2.     I began my employment with Respondent on October 16, 1995. My work performance as a design engineer in Respondent's construction and engineering department exceeds Respondent's legitimate expectations.

Page 1 of 2

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br>THIS 9th DAY OF September 2016<br>*Donna M. Evans*<br>NOTARY SIGNATURE |
|---|---|
| OFFICIAL SEAL<br>DONNA M EVANS<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>MY COMMISSION EXPIRES:06/03/18<br>NOTARY STAMP | X _____ 9/9/2016<br>SIGNATURE OF COMPLAINANT     DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

EEO-5 FORM (Rev. 7/12-INT)

Charge Number: 2017CF0470
Complainant: Frank L. Simmons
Page 2 of 2

3. Since June 2016, I have been subjected to unequal terms and conditions of employment in Respondent's workplace in that: Ann Barton (non-black), of Respondent's Court Order Unit, is deducting money from my payroll without my knowledge. Randy Renschen (non-black), Supervisor, is giving non-black engineers credit for projects that I completed. He told me that I had to complete 8 ASE projects per month, with 90% accuracy, without any overtime. My cookie cutter projects (easy projects) are being given to non-black engineers to help them reach their quota and I have recently been accused of using Respondent's corporate credit card for personal use.

4. Similarly situated employees, Jamie Pierce and John Gerwig (non-black), Engineers, were not subjected to these same terms and conditions of employment.

MEE/JJT